THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**ELLEN KOGAN,**                                               Case No. **1:14-cv-9551**

              **Plaintiff,**

              vs.                                            HON. ELAINE E. BUCKLO

**SCANDINAVIAN AIRLINES SYSTEM,**

              **Defendant.**

**MEMORANDUM OF LAW AND FACTS IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 12(f)(c)(2) OF FED. R. CIV. PROCEDURE TO STRIKE AFFIRMATIVE DEFENSES**

**NOW COMES** the above-named Plaintiff, ELLEN KOGAN, by her counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC and hereby propounds this Memorandum of Law and Facts in support of Plaintiff's Motion for an Order of Striking Defendant's Affirmative Defenses pursuant to Rue 12(f)(c)(2) of Fed.R.Civ. Pro. on the grounds that said affirmative defenses No. 1 through No. 6 as asserted in defendant's Answer and Affirmative Defenses filed on January 30, 2015 are legally insufficiently as plead in violation of controlling legal authority of *Twombly* and *Iqbal* doctrines.[1]

       I.       **NATURE OF THE CASE AND PROCEDURAL HISTORY**:

1.       The matter *sub judice* arises from Plaintiffs' recent international airfare travel on August 24, 2014 from Copenhagen to Chicago on the board of SAS flight SK 943. This flight

---

[1] Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007)(holding that complaints must state a claim to relief that is "plausible on its face.") *and* Ashcroft v. Iqbal, 556 U.S. 662 (2009)(holding that " labels and conclusions" are now insufficient, as are "naked assertions devoid of further factual enhancement" and "unadorned the-defendant-unlawfully-harmed-me accusation[s]."

was delayed on its departure for more than five hours. Due to such delay the above-named Plaintiff arrived to Chicago being almost 6 hours late. As a result of such delay the Plaintiff incurred various compensatory damages including actual, general, special, incidental and consequential damages.

  2. This action was filed on November 29, 2014, subsequent to defendant's rejection of plaintiff's pre-suit notice of claim and demand for settlement.

  3. Thereafter, the above-named Defendant duly complied with Plaintiff's request for Rule 4(d) Waiver and promptly executed waiver of service of process in this matter.

  4. On January 30, 2014 the above-named Defendant filed its Answer and Affirmative Defenses in this matter.

  5. Subsequently, this Motion is brought by the above-named Plaintiff in order to obtain an order striking defendant's affirmative defenses No 1 through 6 as insufficiently plead in Defendant's Answer and Affirmative Defenses, 1-17-2015, par 1 - 17, pp. 39-41. Cf. Defendant's Answer and Affirmative Defenses, 1-17-2015, par 1 -17, pp. 39-41 with State Farm Mutual Automobile Insurance Company v. Riley, (N.D.Ill. 2001), 199 F.R.D. 276 (holding that "it is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense — which is after all the goal of notice pleading")(also holding that "any such AD will also be stricken, but with leave often granted to advance a properly fleshed-out AD to the same effect the next time around"); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736-37 (N.D. Ill.1982), a decision later approved in Heller

Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); Cassetica Software, Inc. v. Computer Sciences Corp., No. 11 C 2187, 2011 WL 4431031 (N.D. Ill. Sept. 22, 2011); Pavlik v. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses).

## II. LEGAL STANDARD:

It is well settled in this Court that the Rule 8(b)(1)(A) of Federal Rule of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." [2] The Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense," and provides a list of nineteen affirmative defenses.[3] However, this list of affirmative defenses "is not intended to be exhaustive." [4] Likewise, "affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." [5] The burden of proving an affirmative defense rests with the party asserting it.[6] Such a defense must be proven by a preponderance of credible evidence. [7] If proven by a preponderance of the evidence, "[a]n affirmative

---

[2] Rule 9(b) provides that certain defenses, fraud, mistake, and condition of the mind, must be plead with particularity. Id.
[3] Those affirmative defenses are "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." FED.R.C IV.P. 8(c)(1).
[4] 5 CHARLES ALLEN WRIGHT AND ARTHUR R.MILLER,FEDERAL PRACTICE AND PROCEDURE, § 1271 (3d ed. 2011).
[5] *See, e.g*. Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).
[6] Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981).
[7] Martin v. Weaver, 666 F.2d 1013, 1019 (6th Cir. 1981).

defense will defeat the plaintiff's claim." [8] Federal courts have consistently held that the failure by a defendant to plead an affirmative defense in their answer generally results in waiver and exclusion from the action.[9] Furthermore, Rule 12(f) of the Federal Rules of Civil Procedure permits a party, or the court acting *sua sponte*, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id *at* R.12(f) of Fed. R. Civ. Pro. This provides a mechanism to "'clean up the pleadings, of limitations; and waiver." streamline litigation, and avoid unnecessary forays into immaterial matters.'" FED.R.CIV.P. 8(c)(1).

Applying the above-identified legal standard to the case at bar, this Court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Delta Consulting Group, Inc. v. R. Randle Const., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009) (*quoting* Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored, *see* Williams v. Jader Fuel Co., 944 F.2d 1388, 1405-1406 (7th Cir. 1991), and often squander judicial resources. Cf. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 728 (7th Cir. 2006). However, in this case, given its limited dollar value this motion to strike is proper because it serves an important purpose to expedite litigation. Cf, Defendant's Answer and Affirmative Defenses, 1-17-2015, par 1 - 17, pp. 39-41 *with* Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also* Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy). This Court has considerable discretion to strike allegations under Rule 12(f). See, Delta,

---

[8] 5 WRIGHT AND MILLER, supra note 17, at § 1270.
[9] See, e.g., FDIC v. Ramirez Rivera, 869 F.2d 624, 626 (1st Cir. 1989); Ingraham v. U.S., 808 F.2d 1075, 1078 (5th Cir. 1987); *Stephenson v. Davenport Community School Dist.*, 110 F.3d 1303, 1305 n. 3 (8th Cir. 1997).

Case: 1:14-cv-09551 Document #: 12 Filed: 02/02/15 Page 5 of 9 PageID #:90

554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." E & J Gallo Winery v. Morand Bros. Beverage Co., 247 F.Supp.2d 979, 982 (N.D. Ill. 2003).

### III. LEGAL ARGUMENT:

**3.1. Affirmative Defenses No. 1 through 17 as Asserted by Defendant in its Answer Violate *Twombly* and *Iqbal* Pleading Standard and Therefore Shall be Stricken Pursuant to the Rule 12(f)(c)(2) of Fed.R.Civ. Procedure:**

As noted by various commentators,[10] *Twombly* and *Iqbal* have also raised questions regarding how and when courts should apply the new pleading standard.[11] This Court adopted heightened plausibility pleading standard applicable to the pleading of affirmative defenses. Sloan Valve Co. v. Zurn Indus., Inc., ___ F.Supp.2d ___, 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010) (*citation omitted*). Thus, a defendants must "affirmatively state" affirmative defenses in response to a pleading. Id. If proven, an affirmative defense defeats a plaintiff's claim and bars or limits recovery even if the plaintiff also proves his or her claim. Id. Importantly, filed as part of the answer, the pleading of affirmative defenses is similar to a plaintiff's complaint. Id. Indeed, it is the defendant's first opportunity to notify the plaintiff of the defenses he plans to raise against the plaintiff's claim. Id Likewise, pleadings of affirmative defenses must provide notice of the defense and an opportunity for the plaintiff to rebut it. Davis v. Elite Mortgage Servs., 592 F.Supp.2d 1052, 1058 (N.D.Ill. 2009).

Therefore, in this Court affirmative defenses will be stricken if "they are insufficient on the face of the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388,

---

[10] http://www.vanderbiltlawreview.org/content/articles/2011/10/Pysno_64_Vand_L_Rev_1633.pdf
[11] http://www.cetllp.com/7EA463/assets/files/News/DCJ_Oct2012_Durney_Michaud.pdf

1400 (7th Cir. 1991) (*quoting* Heller Financial v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)). Nevertheless, "it is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." Davis, 592 F.Supp.2d at 1052 (*citing* Heller, 883 F.2d at 1295). "Courts in this Circuit apply a three-part test to affirmative defenses subject to a motion to strike: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" Pavlik v. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses); Sloan Valve Co.., 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010)

Here, in the matter *sub judice* the defendant's affirmative defenses are bare legal conclusions that are insufficient under the notice pleading standard pursuant to Rule 8(a). See, Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F.Supp.2d 897, 904 (N.D. Ill. 2006) ("affirmative defenses must set forth a 'short and plain statement' of the basis for the defense.") Indeed, the alleged defenses in Affirmative Defense No. 1 through 11 are merely a recitation of the standard for a motion to dismiss pursuant to Rule 12(b)(6) without any details. See, Answer and Affirmative Defenses of Scandinavian Airlines System, 1-30-15, Affirmative Defenses: par. 132 – 140, pp. 32-34. For example, Affirmative Defense No. 1 does not explain how Plaintiffs have failed to state a claim. Similarly, Affirmative Defense No. 3 fails to state any fact in support of its allegation of 'taking all reasonable measures to prevent delay." This is critical defense and the above-named Plaintiff is entitle to fair notice of facts which can be adduced by the defendant in support of this critical affirmative defense. Cf. FDIC, No. 10 C 816, 2010 WL 3937621,

at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses); Sloan Valve Co.., 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010).

Undoubtedly, the Plaintiff is entitle to fair notice of all facts in support of defendant's affirmative defenses, but such notice was not given. Besides being vaguely plead, some affirmative defenses alleged by defendant in its recently filed Answer are clearly immaterial and or legally erroneous. Cf, Answer and Affirmative Defenses of Scandinavian Airlines System, 1-30-15, Affirmative Defenses: par. 132 – 140, pp. 32-34 with Davis., 592 F.Supp.2d at 1052.

Additionally, some of affirmative defenses asserted by the above-named defendant in its Answer are legally erroneous. For example, an Affirmative Defense No. 6 states: "SAS has no legal or contractual duty to pay compensation in accordance with EU 261 as EU 261 does not provide a cause of action that can be brought in the United States and in any event the liability of SAS, if any, with respect to the damages allegedly sustained by Plaintiff is limited or excluded in accordance with the terms of EU 261." Id. at par. 140, p.34. This assertion is not correct because the above-named Plaintiff did not plead a direct action under EU 261, but rather plead a breach of voluntarily assumed contractual duty, which is maintainable in this Court. Undoubtedly, this Court is aware of opinion of Hon. Joan Lefkow as expressed in her Order dated July 27, 2011 in Giannopoulos, holding that a plaintiff can maintain the cause of action for breach of voluntarily assumed contractual duty to pay compensation required by Art. 5, 7 and EU 261/2004. See, Giannopoulos v. Iberia Líneas Aéreas De España, S.A. (N.D. Ill., 2011)(holding that plaintiffs can maintain a cause of action for breach of duty to pay compensation per EU 261 as breach of voluntary assumed contractual duty).

Moreover, defendant's Affirmative Defenses No. 1- through No. 6 shall be stricken due to defendant's failure to provide enough facts to put Plaintiff on notice as to the basis of its defense. <u>Cf</u>, <u>Answer and Affirmative Defenses of Scandinavian Airlines System, 1-30-15, Affirmative Defenses: par. 132 – 140, pp. 32-34</u> *with* <u>Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc.</u>,213 F.R.D. 307, 308 (N.D. Ill. 2003); <u>Davis</u>, 592 F.Supp.2d at 1059.

Therefore, based on the forgoing legal analysis and controlling legal authority presented above, this Court shall strike the defendant's affirmative defenses No. 1 through 6 with or without prejudice.

### IV.   CONCLUSION:

Based on the above-espoused legal analysis and binding legal authority presented, the above-named Plaintiff is hereby respectfully requesting an Order striking of Affirmative Defenses No 1 through 6 as plead in defendant's Answer & Affirmative Defenses filed on or about January 30, 2015; as well as for any other and further relief this Court deems just and fair.

Dated this Motion on this 2nd day of February 2015.
Respectfully submitted by
GOROKHOVSKY LAW OFFICES, L.L.C.
Attorney for Plaintiff

BY: *Vladimir Gorokhovsky, Esq.*
   /s/ VLADIMIR GOROKHOVSKY, LL.M.
   WIS. SBN: 1036040

**P.O. Business Address:**
Gorokhovsky Law Offices, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on February 2, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY: *Vladimir Gorokhovsky, Esq.*
_____
/s/ VLADIMIR GOROKHOVSKY